### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

United States of America,

Case No. 23-cr-373 (DSD/DTS)

     Plaintiff,

**REPORT & RECOMMENDATION**

v.

Derrick Lamon Johnson (1),

     Defendant.

---

Defendant Derrick Lamon Johnson moves to dismiss both counts in the indictment pending against him, arguing they violate the Second Amendment to the United States Constitution. Dkt. No. 19. Count One charges Johnson with unlawful possession of a machine gun in violation of 18 U.S.C. § 922(o)(1). Dkt. No. 1. Count Two charges Johnson with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). *Id.* Johnson argues the prohibitions on machine gun and ammunition possession are facially unconstitutional,[1] in light of the recent Supreme Court case, *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The Court disagrees and recommends Johnson's motion be dismissed.

The Second Amendment protects the right to keep and bear arms. U.S. Const. amend II. However, this right is not absolute. *See Bruen*, 597 U.S. at 70. The United States can regulate firearms by "demonstrat[ing] that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 17. Applying this test, the Eighth

---

[1] Johnson also purports to bring an as-applied challenge to both counts of the indictment but does not raise any arguments as to why or how Sections 922(o)(1) and 922(g)(1) do not constitutionally apply based on the specific facts of his case.

Circuit has repeatedly upheld the constitutionality of Sections 922(o)(1) and 922(g)(1). *See United States v. Fincher*, 538 F.3d 868, 874 (8th Cir. 2008) ("Machine guns are not in common use by law-abiding citizens for lawful purposes and therefore fall within the category of dangerous and unusual weapons."); *United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023) ("Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons.")[2]; *see also United States v. Kelley,* Crim. No. 23-267, 2024 WL 264588, at *1 (D. Minn. Jan. 24, 2024) (finding constitutional challenges to Sections 922(o)(1) and 922(g)(1) foreclosed by Eighth Circuit precedent). Because the Eighth Circuit has found Sections 922(o)(1) and 922(g)(1) valid under the Second Amendment, the Court recommends Johnson's motion be denied.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT Defendant's Motion to Dismiss the Indictment [Dkt. No. 19] be **DENIED**.

Dated: March 11, 2024          s/ David T. Schultz
                               DAVID T. SCHULTZ
                               U.S. Magistrate Judge

---

[2] While *Jackson* considered an "as-applied challenge," the Eighth Circuit confirmed that Section 922(g)(1) is facially constitutional following *Bruen*. *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) ("[T]here is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant. The longstanding prohibition on possession of firearms by felons is constitutional.").